*E-Filed 8/24/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARDELL NEWTON, | ) | No. C 10-1490 RS (PR) |
| Plaintiff, | ) | **ORDER GRANTING LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| v. | ) | |
| OFFICER CURZEN, and SAN QUENTIN STATE PRISON, | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff's complaint was dismissed for plaintiff's failure to (1) pay the filing fee of $350.00, or (2) file a complete application to proceed *in forma pauperis*, by the appropriate date. Judgment was entered in favor of defendants.

Plaintiff has filed a letter in which he contends that the Court's ruling was in error. The Court will construe this letter as a motion for leave to file a motion for reconsideration. So construed, the motion is GRANTED.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

"Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear

No. C 10-1490 RS (PR)
ORDER

1  error or made an initial decision that was manifestly unjust, or (3) there is an intervening
2  change in controlling law.'" *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772,
3  779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.
4  2001)).  Plaintiff may not bring a motion under Rule 59(e) because such a motion must be
5  brought no later than 28 days after the entry of judgment.  Judgment was entered well over
6  28 days ago.

7  Plaintiff may, however, bring a motion for reconsideration under Rule 60(b).  Rule
8  60(b) provides for reconsideration where one or more of the following is shown:
9  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that
10 by due diligence could not have been discovered before the court's decision; (3) fraud by the
11 adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other
12 reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d
13 1255, 1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a
14 showing that the grounds justifying relief are extraordinary.  *See Twentieth Century - Fox*
15 *Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

16 Plaintiff must file a motion for reconsideration within 30 days from the date of this
17 order.  **No extensions of time will be granted.**

18 **IT IS SO ORDERED.**

19 DATED:  August 24, 2010          _____
20                                                              RICHARD SEEBORG
                                                                 United States District Judge